# United States Court of Federal Claims

No. 16-932 C
Filed: June 30, 2017

|  |  |
|---|---|
| SPECTRE CORPORATION, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

*Christina M. Heischmidt*, Dunlap Bennett & Ludwig, PLLC, Vienna, VA, for plaintiff.

*Shari A. Rose*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

*SMITH*, **Senior Judge**

This case is before the Court on defendant's Motion to Dismiss. Plaintiff, Spectre Corporation ("Spectre"), seeks compensatory damages for alleged breaches of two contracts by the National Aeronautics and Space Administration ("NASA"), as well as an alleged breach of the implied covenants of good faith and fair dealing on both contracts. Spectre claims that NASA failed to deliver its promised consideration under the contracts, and that NASA consistently acted with bad faith throughout its course of dealing with plaintiff. Defendant, the United States ("government"), argues that plaintiff failed to meet certain conditions precedent contained in the contracts, and that plaintiff's claims should be dismissed because they are all precluded by the express terms of both contracts. For the following reasons, defendant's Motion to Dismiss is denied.

**I.    Background**

NASA retains the authority "to enter into and perform such contracts, leases, cooperative agreements, or other transactions as may be necessary in the conduct of its work and on such terms as it may deem appropriate . . . with any person, firm, association, corporation, or educational institution." 51 U.S.C. § 20113(e) (2012). Under the National Aeronautics and Space Act, "such contracts, leases, agreements, and other transactions shall be allocated . . . in a

1

manner which will enable small-business concerns to participate equitably and proportionately in the conduct of the work of the Administration." *Id.*

NASA entered into two such agreements with Spectre. The first agreement, SAA3-1210 ("Space Act Agreement") executed on December 22, 2011, set forth NASA's and Spectre's obligations with respect to the commercialization of NASA's silicon-carbide ("SiC") sensor patents. *See* Complaint (hereinafter "Compl.") at 18-20; *see also* Plaintiff's Exhibit 2 (hereinafter "P's Ex. 2") at 2. Under the second agreement, DE-456 ("Exclusive Licensing Agreement") executed on May 14, 2012, Spectre paid a $50,000 fee to NASA, and NASA granted a royalty-bearing, exclusive license to Spectre to practice the SiC sensor patents through January 25, 2025, the end of the patents' terms. Compl. at 16-17. After delays and conflicts affecting the performance of obligations under the contracts, NASA terminated the Exclusive Licensing Agreement and halted its performance under the Space Act Agreement, allowing the Space Act Agreement to expire by its own terms. *Id.* at 32-33.

Spectre brought the current action on August 3, 2016 against NASA, alleging the following: (1) breach of the Exclusive Licensing Agreement's express terms, (2) breach of the Space Act Agreement's express terms, and (3) breach of the implied covenants of good faith and fair dealing under both contracts. *Id.* at 35-43. Defendant responded with a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Defendant's Motion to Dismiss (hereinafter "MTD") at 1. Defendant contends that the express disclaimers in both the Exclusive Licensing and Space Act Agreements preclude all of Spectre's claims, as well as the damages Spectre seeks in its complaint. *Id.* at 10-15. Further, the government contends that, because Spectre never satisfied the condition precedent to NASA's performance under the Space Act Agreement, NASA never became obligated under either contract to deliver more than it did. *Id.* at 13-14.

Spectre filed its Response in opposition to defendant's motion, maintaining that the general disclaimers in both the Exclusive Licensing Agreement and Space Act Agreement cannot operate to preclude Spectre's breach of contract claims. Spectre Corporation's Memorandum Opposing the Government's Motion to Dismiss (hereinafter "P's Resp.") at 8, 13. Further, Spectre claims that both agreements must be examined in the context of a joint proposal for funding from the State of Ohio, as well as a subsequent Grant Agreement, because NASA played a role in preparing and submitting the joint proposal which served as the impetus for the Exclusive Licensing Agreement and the Space Act Agreement. *Id.* at 16-18. Spectre contends that, taking this context into consideration, its allegations are sufficient to overcome defendant's Motion to Dismiss.

## II.   Discussion

### A.   Standard of Review

This Court's jurisdictional grant is found primarily in the Tucker Act, which provides the Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not

sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).  Although the Tucker Act explicitly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The Court must inquire, however, whether the complaint meets the "plausibility" standard described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560, 563 (2007) (hereinafter "*Twombly*") (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (hereinafter "*Iqbal*") (quoting *Twombly*, 550 U.S. at 570).

    **B.**    **Breach of Contract**

Plaintiff alleges in its Complaint that NASA breached specific provisions of the Space Act Agreement, frustrating Spectre's ability to continue performance under that agreement.  These provisions included the requirement that NASA deliver a specified number of NASA-fabricated SiC sensors that met certain performance specifications along with the technology and data necessary for Spectre to manufacture those SiC sensors on its own.  *Id.*  In its Motion to Dismiss, defendant asserts that Spectre was obligated to make certain payments as a condition precedent to NASA's performance under the Space Act Agreement, and that each payment would trigger the performance of specific "milestones."  *Id.*  At Oral Argument on June 22, 2017, the parties disagreed as to the amount Spectre paid NASA under the Space Act Agreement, therefore, this Court is unable to determine whether Spectre had made payments sufficient to trigger the specific milestones.  Absent clarification from the parties, this Court is reluctant to dismiss this breach of contract claim without further findings of fact.

In addition to breaches of the Space Act Agreement, plaintiff also asserts that NASA breached the Executive Licensing Agreement by wrongfully terminating the agreement based on pretextual grounds brought about by NASA's breach of the aforementioned Space Act Agreement.  Compl. at 42-43.  In its Motion to Dismiss, defendant asserts that the Exclusive Licensing Agreement's disclaimers preclude any liability or damages for violation of the licensing agreement's express terms, including the contract's termination clause.  MTD at 12-13.  The defendant's position is in direct contrast with facts asserted by the plaintiff concerning the circumstances of the termination.  As the record currently stands, Spectre has made a plausible claim that NASA breached the Exclusive Licensing Agreement, and this Court cannot dismiss Spectre's third claim absent further fact-finding.

### C. Good Faith and Fair Dealing

In addition to arguing that NASA breached express provisions of both the Space Act Agreement and the Executive Licensing Agreement, plaintiff also asserts that NASA breached the implied warranty of good faith and fair dealing. Compl. at 39-43. Spectre argues that the duties of good faith and fair dealing are implied in every government contract, and that its Complaint sets forth countless allegations supporting its claim that NASA breached these duties. P's Resp. at 16-17 (citing *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005)). In its Motion to Dismiss, the government contends that these claims are duplicative of its breach of contract claims, and that Spectre is attempting to "'expand [NASA's] contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions.'" Defendant's Reply in Support of its Motion to Dismiss (hereinafter "D's Reply") at 14 (quoting *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 831 (Fed. Cir. 2010)). In its Response, Spectre asserts that "[t]he implied covenant of good faith and fair dealing 'is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'" P's Resp. at 17-18 (quoting *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 994 (Fed. Cir. 2014)). Spectre further maintains that the breaches of good faith and fair dealing also arise when the Exclusive Licensing Agreement and the Space Act Agreement are read in the context of the joint proposal to the State of Ohio and the subsequent Grant Agreement. *Id.* at 16-17.

Spectre's breach of contract claims and Spectre's factual assertions regarding its breach of implied duty claims leave a number of questions of fact for determination. For example, Spectre alleges that NASA only ever "attempted to deliver the minimal amounts of fabricated materials," and that NASA treated the Space Act Agreement as a mere research and development project even though the parties originally intended to commercialize the SiC technology. Compl. at 40. If this Court were to construe the facts in the manner most favorable to the plaintiff, there exists a plausible claim for breaches of NASA's implied duties of good faith and fair dealing. Nevertheless, a deeper factual inquiry, supported by discovery and witness testimony, is needed to resolve these issues. As such, this Court cannot dismiss Spectre's breach of covenant claims on the current record.

### III. Conclusion

Construing the facts in favor of Spectre, the nonmoving party, there exists a plausible claim that NASA breached the contractual provisions of the Exclusive Licensing Agreement and the Space Act Agreement as well as the implied covenants of good faith and fair dealing in both contracts. For the reasons set forth above, defendant's MOTION to dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge